UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STUDIO BECKER FLORIDA, LLC,                CASE NO. 1:19-cv-20750-JLK

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), hereby files Defendant's Motion to Dismiss Plaintiff's Complaint, and in support thereof states as follows:

### MOTION TO DISMISS FOR
### FAILURE TO PLEAD SUFFICIENT, ULTIMATE FACTS

1.    In paragraph 5 of Plaintiff's Complaint, Plaintiff alleges "[t]hat at all times material hereto, the subject property was insured under a policy of insurance issued by Defendant to Plaintiff; specifically policy number: CPS25214069. Said policy is incorporated herein in its entirety pursuant to Fla. R. Civ. P. 1.130; further, Defendant has a copy of said policy in its possession."

2.    Paragraph 7 of Plaintiff's Complaint states "[t]he policy of insurance provides, in pertinent part, that Defendant, SCOTTSDALE, provides coverage for property damage, including contents, rendered to Plaintiff's subject property that are the result of an accident, whether natural in cause or not, and said policy is required to comply with the provisions of Florida Law."

3. In paragraph 8 of Plaintiff's Complaint, Plaintiff alleges "[t]hat on or about July 19, 2017, Plaintiff's property was damaged directly, and/or indirectly, by a fire. (Defendant has assigned claim number: 01776006 to identify this loss)."

4. Paragraph 9 of Plaintiff's Complaint states "[t]hat as a result thereof, Plaintiff sustained damages to the property that required reasonable, related, and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures."

5. In paragraph 11 of Plaintiff's Complaint, Plaintiff alleges that "Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiff's contract with SCOTTSDALE."

6. Paragraph 13 of Plaintiff's Complaint states "[t]hat Defendant's conduct has caused Plaintiff to retain the services of the undersigned counsel to represent them in this action, and Plaintiff is entitled to attorney fees and costs under Section 627.428, Florida Statutes."

7. Plaintiff's Complaint fails to specify the nature and extent of the alleged damages, the insurance policy provisions which allegedly provide coverage for the alleged damages, and whether the alleged damages were caused by one occurrence or multiple occurrences.

8. Under Rule 8(a), *Federal Rules of Civil Procedure*, a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the

pleader is entitled to relief and a demand for the relief sought, which may include relief in the alternative or different types of relief.

9. The nature and extent of the alleged damages being claimed, whether the damages were caused by one or multiple occurrences, the policy provisions applicable to this alleged loss, and what type of benefits SCOTTSDALE allegedly owes under the policy are ultimate facts necessary for Plaintiff to state a cause of action. Additionally, SCOTTSDALE should not be required to guess the nature and extent of the loss Plaintiff is alleging in this action.

10. Based on the foregoing, Plaintiff's Complaint fails to state a cause of action and does not contain sufficient information for Scottsdale to provide an adequate response. Accordingly, SCOTTSDALE moves to dismiss Plaintiff's Complaint for failure to state a cause of action, pursuant to Rule 12, *Federal Rules of Civil Procedure.*

## MOTION TO DISMISS COUNT I FOR FAILURE TO ATTACH NECESSARY INSTRUMENTS

11. Plaintiff failed to attach to Plaintiff's Complaint the coverage forms of the subject policy.

12. Plaintiff does not allege that the subject insurance policy was lost or stolen.

13. Plaintiff does not allege that it has requested a copy of the insurance policy and that SCOTTSDALE has failed to comply with Plaintiff's request for a copy of the insurance policy.

14. The coverage forms, which outline the coverages, exclusions, limitations and conditions provided by the policy, are material to the issues in this breach of contract cause of action, including whether Plaintiff is entitled to the relief sought in its lawsuit.

15. Based on the foregoing, Plaintiff's Complaint fails to state a cause of action and does not contain sufficient information for SCOTTSDALE to provide an adequate response. Accordingly, SCOTTSDALE moves to dismiss Plaintiff's Complaint for failure to state a cause of action, as per Rule 12, *Federal Rules of Civil Procedure*.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF and/or electronic mail on this 11th day of March, 2019 to: Thomas J. Morgan, Jr., Morgan Law Group, P.A., 55 Merrick Way, Suite 404, Coral Gables, Florida 33134, mlg.eservice@morganlawgroup.net.

_____
Susan M. Payne, Esquire
Florida Bar No. 0110388
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Email: spayne@rocklawpa.com;
pleadings@rocklawpa.com,
sschnabel@rocklawpa.com
Attorneys for Defendant, Scottsdale Insurance Company